UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA HEATH,

        Plaintiff,                                    Hon. Ellen S. Carmody

v.                                                     Case No. 1:15-CV-1169

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On January 26, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #9).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

2

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 41 years of age on her alleged disability onset date. (PageID.138 ). She successfully completed high school and worked previously as an owner of a convenience store. (PageID.40). Plaintiff applied for benefits on May 16, 2012, alleging that she had been disabled since February 21, 2012, due to multiple foot surgeries. (PageID.138-44, 189). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.70-136). On November 7, 2013, Plaintiff appeared before ALJ Janice Bruning with testimony being offered by Plaintiff and a vocational expert. (PageID.47-68). In a written decision dated March 26, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.33-42). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.23-27). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) obesity; (2) bilateral plantar fasciitis; (3) minimal degenerative changes of the lumbar spine; and (4) mild degenerative changes of the thoracic spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.36-37).

As for Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; (2) she can only occasionally bend, stoop, crouch, crawl, and balance; (3) she must avoid concentrated exposure to vibration; (4) she must avoid all exposure to work place hazards such as work at unprotected heights and dangerous moving machinery; (5) she must be afforded a sit/stand option that allows her to stand for one to two minutes after sitting for one hour; (6) she must be permitted to use a cane as needed to get to and from her workstation; and (7) she is limited to 3-4 step simple repeated routine tasks due to complaints that medications make her less focused. (PageID.37).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.

*O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 5,500 jobs in the state of Michigan, and approximately 100,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.63-66). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **The Treating Physician Doctrine**

On February 4, 2013, Dr. Noelle Franklyn, Plaintiff's treating physician, completed a form indicating that Plaintiff required assistance with various "personal care activities." (PageID.329). On October 18, 2013, Dr. Franklyn provided a sworn statement in which she spoke in greater detail regarding Plaintiff's impairments and limitations. (PageID.330-39). The doctor noted that Plaintiff had undergone multiple foot surgeries none of which were successful. (PageID.333). The doctor noted that Plaintiff's foot pain was sufficiently severe to cause her to be "off task at least 15 to 20 percent" of a workday. (PageID.335). Dr. Franklyn reported that Plaintiff

6

was unable to "ambulate effectively" as that term is defined by the relevant Social Security regulations. (PageID.337-38). The doctor further reported that Plaintiff's pain was not relieved by sitting, thus she would be unable to perform even sedentary work. (PageID.335). The ALJ afforded "some weight" to Dr. Franklyn's opinions. (PageID.40). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting Dr. Franklyn's opinions is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*,

839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

In support of his decision to discount Dr. Franklin's opinions, the ALJ stated the following:

> Some weight, but not controlling weight is given to the report of Dr. Franklin (Exhibit 7F). It indicates that the claimant really needs help with her activities of daily living yet the claimant can go out [to the] store and drove to the hearing. It does not address the claimant's dramatic behavior (Exhibit 15F page 5).
>
> Also, some weight but not controlling weight is given to the report of Dr. Franklin in October 2013 (Exhibit 8F) for the same reasons stated above.

(PageID.40).

The ALJ's rationale for discounting Dr. Franklyn's opinion do not constitute "good reasons." The only rationale that the ALJ provided is that the doctor failed to address the "dramatic

behavior" another care provided observed by Plaintiff. The observation to which the ALJ alludes is contained within a report completed by Physician's Assistant Douglas Tuttle following an April 30, 2013 examination. (PageID.401). Tuttle reported that Plaintiff rated her foot pain as 10/10 and "continues to be very dramatic." (PageID.401). Tuttle also reported, however, that Plaintiff experienced "pain with palpation around the entire feet bilaterally." (PageID.401). Tuttle observed that Plaintiff's pain was "worse with weight bearing, climbing stairs, prolonged standing and walking." (PageID.401). Finally, Tuttle noted that Plaintiff "does use a cane for stabilization." (PageID.401).

While Tuttle noted that Plaintiff was being dramatic, he also reported findings that are not inconsistent with Dr. Franklyn's opinions. As for the ALJ's assertion that Dr. Franklyn failed to address Plaintiff's "dramatic behavior," the Court is unpersuaded. Dr. Franklyn reported that she "ha[d] no reason to believe [Plaintiff is] a malingerer. She seems sincere and has been consistent with every visit in the last two years." (PageID.334-35). It is not clear if this observation was specifically in response to Tuttle's observation, but it certainly constituted a refutation of such. While the ALJ is tasked with weighing the evidence, it is not sufficient to discount Dr. Franklyn's opinions based solely on the fact that another care provider expressed an arguably contrary opinion. *See Gayheart*, 710 F.3d at 377.

The Court further notes that while Defendant has, in response, identified portions of the record that arguably support the ALJ's assessment, the Court cannot find that the ALJ's conclusion is legally sufficient based upon such after-the-fact rationalizations. Instead, as *Wilson* and *Gayheart* make clear, the task of articulating the rationale for discounting a treating physician's opinion rests with the ALJ. In sum, the ALJ's rationale for discounting Dr. Franklyn's opinions,

quoted in their entirety above, are insufficient. In light of the fact that the doctor's opinions are inconsistent with the ALJ's RFC determination and the ALJ's subsequent conclusion that there exists a significant number of jobs which Plaintiff can perform consistent with her RFC, the ALJ's failure is not harmless. The ALJ's rationale for discounting Dr. Franklyn's opinions is not supported by substantial evidence.

**II.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

**CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the**

**matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

A judgment consistent with this opinion will enter.


Date:  August 5, 2016                                      /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge